## ALLEN, Administrator, *vs.* RIVES, Executrix.

[GUARDIANSHIP—EXECUTION.]

1. *Probate court; executions.*—Where an execution *de bonis testatoris* is issued from the probate court, and returned " *no property,*" the statute does not authorize the issuing of an execution *de bonis propriis.*

Appeal from the Probate Court of Montgomery.

The appellee's testator, Dr. William H. Rives, in his lifetime, was the guardian of Joseph V. Allen. Dr. Rives died in 1864, without having made final settlement of his guardianship. Mrs. Sarah G. Rives, the appellee, was the executrix of Dr. Rives, and qualified as such. She appeared in the probate court of Montgomery, in 1865, and made settlement of the guardianship of Dr. Rives, and a decree was rendered against her in her representative capacity, in favor of Joseph V. Allen, for $36,000. In 1865, after the rendition of this decree, Joseph V. Allen died, and the decree was revived in favor of Wm. W. Allen, the appellant, as his administrator. Execution was issued on this decree against Mrs. Rives, as executrix, and was returned "no property," and thereupon, on the 20th February, 1867, the probate judge decreed and issued execution against Mrs. Rives, personally. A motion was made to vacate this order and to quash this execution last issued, which was granted.

The granting of this motion is assigned as error.

Elmore, Keyes & Gunter, for appellant.
Watts & Troy, *contra.*

BYRD, J.—1. It is apparent, from the record, that the "judgment" vacated by the decree of the probate court is the entry made on the 20th day of February, 1867, which ordered that an execution issue against the appellee "*personally,*" and the execution which was quashed is the one issued under this order.

We do not think that the action of the probate court excepted to and appealed from, went beyond the extent indicated.

There is no statutory enactments which authorized such an order or such an execution on it, in such a case as this. The court, therefore, committed no error in setting aside such "judgment," and the execution which issued thereon.

These being the only questions raised by the assignments of error, the decree of the probate court appealed from must be affirmed.